360 A.2d 110.

HAROLD W. MERRILL POST No. 16 AMERICAN LEGION *vs.* HEIRS-AT-LAW, NEXT-OF-KIN AND DEVISEES OF ORLANDO SMITH *et al.*

JULY 13, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin and Kelleher, JJ.

JOSLIN, J. In this civil action the plaintiff seeks to utilize the statute on quieting title [G. L. 1956 (1969 Re-

enactment) chapter 16 of title 34]¹ for the purpose of relieving real estate owned by it from a covenant or restriction limiting its use to the maintenance thereon of "\* \* \* a district school-house & its appertenances (sic) & for no other use or purpose whatever." That language first appeared in an 1867 deed from the defendants' ancestors to the plaintiff's predecessor in title, and, though not repeated verbatim in the 1946 deed to the plaintiff, is referred to and incorporated therein by reference. In the Superior Court the plaintiff's motion for a summary judgment was granted and the defendants appealed.

On a motion for summary judgment we look first to the pleadings to ascertain the issues, and then to the affidavits, admissions, answers to interrogatories and other similar matters to determine whether there are any genuine issues of material fact. Only if there are none, do we then decide whether applicable law dictates the entry of summary judgment. *Belanger* v. *Silva*, 114 R. I. 266, 267, 331 A.2d 403, 404 (1975); *Trustees of the Sheppard & Enoch Pratt Hosp.* v. *Smith*, 114 R. I. 181, 183, 330 A.2d 804, 805 (1975); *Cardente* v. *Travelers Ins. Co.*, 112 R. I. 713, 715-16, 315 A.2d 63, 64 (1974).

Here the record consists only of (1) plaintiff's complaint, which, because it is sworn to, will for the purposes of this opinion be assumed to have the force and effect of an affidavit; (2) a collective answer of all defendants consisting of a general denial; and (3) interrogatories posed by plaintiff and the answers of one defendant to those interrogatories.

In its sworn complaint, plaintiff alleges that it has

---

¹Until the enactment of P. L. 1940, ch. 938 [now included within G. L. 1956 (1969 Reenactment) chapter 16 of title 34] a bare claim of aquisition of title by adverse possession unaccompanied by color of title or other substantial equities was available as a shield, but unavailable as a sword. *Day* v. *Proprietors of Swan Point Cemetery*, 51 R. I. 213, 216-17, 153 A. 312, 313 (1931); *Taylor* v. *Staples*, 8 R. I. 170, 181 (1865).

uninterruptedly, openly, fully and exclusively held possession of the subject property adversely to all the world under a claim of right and as the sole and absolute owner thereof in fee simple continuously for more than 10 years. Those allegations, however, although obviously intended to bring its case within the purview of §34-16-7[2] are barren of particularized factual support and fail to set forth any specific facts that would be admissible in evidence. In short, plaintiff's allegations constitute in their totality nothing more than naked conclusionary assertions that there may be underlying but unarticulated admissible and supporting evidentiary facts which, if uncontroverted, might serve as grounds for the relief sought. Under Super. R. Civ. P. 56(e) conclusory allegations like these are inadequate to establish the absence of a genuine issue of material fact and are therefore unavailable as a basis for summary judgment. 1 Kent, *R. I. Civ. Prac.* §56.5 (1969); 6 Moore, Part 2, *Federal Practice* ¶56.22[1] at 1316-18 (2d ed. 1976); 10 Wright & Miller, *Federal Practice and Procedure: Civil* §2738 at 695-96 (1973); see *Coro, Inc.* v. *R. N. Koch, Inc.,* 112 R. I. 371, 377, 310 A.2d 622, 625 (1973); *Egan's Laundry & Cleaners, Inc.* v. *Community Hotel Corp.,* 110 R. I. 719, 723, 297 A.2d 348, 351 (1972); *Gallo* v. *National Nursing Homes, Inc.,* 106 R. I. 485, 488-89, 261 A.2d 19, 21-22 (1970); *Cottrell Employees Credit Union* v. *Pavelski,* 106 R. I. 29, 34, 255 A.2d 162, 164-65 (1969). Indeed, these allegations do not even satisfy

------

[2]General Laws 1956 (1969 Reenactment) §34-16-7 reads as follows:

"Open, adverse, exclusive and uninterrupted possession and enjoyment by the plaintiff, or by his predecessors in title or both the plaintiff and such predecessors together of the real estate or his or their interest therein described in the complaint, for a period of at least ten (10) years, shall raise the rebuttable presumption in law and in fact of a lost grant, properly executed and delivered, effective to cure the defect or defects in plaintiff's title, as set forth in the complaint and/or to remove the cloud thereon, as it concerns any party named or referred to in said cause."

the §34-16-5 requirement that a complaint recite the "* * * acts performed as a normal incident of the possession enjoyed and the title claimed."

The view we take of the case makes it unnecessary for us to respond to the principal question argued by the defendants, which was the availability of chapter 16 of title 34 as a source of authority for removing a use restriction as a cloud on title. While not directly responding, we nonetheless observe that in *Hill* v. *Ogrodnik,* 83 R. I. 138, 113 A.2d 734 (1955), the court said that in modern times the general view is that an enforceable promise respecting the use of land may be ended by way of removal as a cloud on title upon a showing that there has been a radical and permanent change in the character of the neighborhood where the restricted land is located. Other circumstances under which a restrictive covenant will terminate are discussed in 5 Powell, *Real Property* ¶¶682-86 (1975), and 5 Restatement *Property* §§554-68 (1944).

For the reasons indicated the defendants' appeal is sustained, the summary judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Doris did not participate.

*Victor J. Orsinger, II,* for plaintiff.

*John R. Payne, Jr., Thornton, Thornton & Naccarato, Inc.,* for defendants.