APPEAL No. 77-317. ROITMAN & SON, INC. *v.* WILLIAM I. CRAUSMAN. This civil action was instituted by the plaintiff in the Sixth Division District Court to recover from the defendant the sum allegedly due for merchandise sold and delivered plus service charges levied after the account allegedly became delinquent. The defendant was defaulted and then appealed to the Superior Court where the plaintiff moved for summary judgment. The defendant, who appeared pro se, responded in an unsworn document denominated affidavit. In that document he defended against the motion asserting that the debt was a corporation's, not his, and that "a counterclaim of merit does exist." The trial justice termed the affidavit "insufficient in law [and] content," and on June 28, 1977, granted plaintiff's motion for summary judgment. The defendant then moved to vacate the judgment alleging, in substance, that his failure to submit a sworn affidavit was attributable to his not being an attorney and therefore constituted excusable neglect. Accompanying the motion to vacate was a sworn affidavit in which the defendant repeated the assertions contained in his earlier response to the plaintiff's motion. The defendant's motion to vacate was denied and he then appealed, not from the denial to vacate, but from the initial order of June 28, 1977, granting plaintiff's motion for summary judgment.

After reviewing the pleadings, affidavits, and other records on file, we issued an order directing defendant to appear and show cause why his appeal should not be dismissed and in that order said: "in view of our rule that naked conclusory assertions in an affidavit filed in opposition to a motion for summary judgment are inadequate to establish the existence of a genuine issue of material fact and therefore do not afford a basis for reversal of a trial justice's ruling granting a motion for summary judgment. See *Harold W. Merrill Post No. 16 American Legion* v. *Heirs-at-Law, Next-of-Kin and Devisees of Smith,* 116 R.I. 646, 360 A.2d 110 (1976)."

At the show cause hearing, defendant appeared and argued his case. He failed, however, to demonstrate that the assertions contained in the document filed in response to plaintiff's motion for summary judgment constituted anything more than a mere statement of ultimate or conclusory facts. That kind of response to a motion for summary judgment fails to meet the requirement of Super. R. Civ. P. 56(c) that a party against whom a motion for summary judgment is made, if he is to avoid the granting of the motion, must in his response set forth *specific facts* showing that there is a genuine issue of material fact for trial.

The defendant has not shown cause why his appeal should not be dismissed; consequently his appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court. *Levy, Goodman, Semonoff & Gorin, Anthony F. Muri,* for plaintiff. *William I. Crausman,* pro se, defendant.

April 19, 1979.