DECISION
Before the Court is Defendant Rockbestos-Surprenant Cable Corporation's (Rockbestos) Motion for Summary Judgment pursuant to Super. R. Civ. P. 56. Plaintiff, Peter Bell (Mr. Bell), alleges, inter alia, that he was injured as a result of exposure to asbestos-coated wire. His wife, plaintiff Nancy Bell, has filed a related loss of consortium claim based upon Mr. Bell's alleged injuries. Rockbestos argues that Mr. Bell has failed to identify Rockbestos as one of the manufacturers of this wire. Mr. Bell had been deposed on four separate days, February 14, February 15, March 13, and March 14, 2006. In these depositions Mr. Bell stated that he had worked with wires manufactured by General Electric and OKbestos, but he did not mention Rockbestos by name. Furthermore, Mr. Bell never mentioned Rockbestos by name in his answers to the model interrogatories or in his exposure chart. He did indicate that he may have worked with wires manufactured by other companies, but he did not name these other companies until the very eve of the hearing.
Seven months after the last day of Mr. Bell's deposition, and one day before Rockbestos's motion for summary judgment was to be argued before the Court, Mr. Bell filed an affidavit stating that he used Rockbestos asbestos-insulated wire and cable from 1961-80. The affidavit contained no explanation for Mr. Bell's delay in recollection of his use of Rockbestos products.
The Rhode Island Supreme Court has long held that "in opposing a motion for summary judgment, the nonmoving party may not rest upon the mere allegations, conclusions, or denials in her pleadings, but rather [he or] she has `an affirmative duty to set forth specific facts that show that a genuine issue of material fact exists to be resolved at trial.'" Weaver v. American PowerConversion Corp., 863 A.2d 193, 198-99 (R.I. 2004) (citations omitted). In considering a motion for summary judgment, the court will consider the evidence in the light most favorable to the non-moving party in a summary judgment motion; however, the Rhode Island Supreme Court has held "that naked and conclusory assertions in an affidavit are inadequate to establish the existence of a genuine issue of material fact." Id. at 200.See also Roitman v. Crausman, 401 A.2d 58, 59,121 R.I. 958, 959 (1979) (mem.) (holding that for a non-moving party "to avoid the granting of a summary judgment motion, must in his response set forth specific facts to show that there is a genuine issue of material fact"). Here, the affidavit contains the merely conclusory statements that: 1) Mr. Bell used Rockspestos wire and cable and 2) he recalls cutting the Rockspestos wire and cable and seeing dust and/or fibers in the air. Mr. Bell has offered no reason for the change in his deposition testimony, nor an explanation for the eleventh-hour nature of his affidavit.
In Weaver, the Rhode Island Supreme Court adopted the First Circuit's holding in Hernandez-Loring v. UniversidadMetropolitana, 233 F.3d 49 (1st Cir. 2000). In that case, the court held that when a party answered unambiguous questions in discovery, the party cannot create a conflict with a contradictory affidavit in order to frustrate a summary judgment motion. Hernandez-Loring, 233 F.3d at 54. In this case, Mr. Bell clearly stated he had worked with two other wire manufacturers and never mentioned Rockspestos. However, he did say, "There might have been another [wire manufacturer]." (Deposition of Mr. Bell Vol. I, 65.) However, in his later deposition testimony, even when questioned by his own attorney, he never mentioned Rockspestos until the very eve of the hearing. The timing of the affidavit, coupled with a lack of explanation for the sudden resurgence of Mr. Bell's memory, indicates that the issue of material fact was created merely to frustrate the summary judgment motion.
Accordingly, the Court finds Mr. Bell's affidavit insufficient to establish the existence of a material fact in this case.
The motion for summary judgment is granted. Counsel shall submit an order for entry.