SEE, Justice
(concurring specially).
I concur fully in the main opinion. I write specially simply to note why I do not believe that Gerald Gore “signed” the uninsured/underinsured-motorist insurance-coverage waiver.
The pertinent portion of § 32-7-23, Ala. Code 1975, Alabama’s Uninsured-Motorist statute, provides:
*1000 “No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto ... under provisions approved by the Commissioner of Insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage .... ”
(Emphasis added.) This Court has interpreted this statute to “require[ ] that every automobile-liability-insurance policy issued or delivered in Alabama provide uninsured/underinsured-motorist coverage with limits for bodily injury or death of at least $20,000 per person, unless the coverage is specifically rejected in writing by the named insured.” Continental Cas. Co. v. Pinkston, 941 So.2d 926, 929 (Ala.2006). As the main opinion states, “[ujnder this statute and well-established Alabama case-law, any purported rejection or waiver of [uninsured-motorist] coverage by one who is not the named insured is invalid.” 1 So.3d at 998. Similarly, the main opinion notes that “[o]ur statute makes no provision for waiver by anyone other than the named insured.” 1 So.3d at 999.
The Supreme Court of Rhode Island recently discussed what constitutes a “signature.” Carrozza v. Carrozza, 944 A.2d 161 (R.I.2008). In that case, the question was the validity of a grantor’s “signature” on a deed when the “signature” “was printed on the [deed] in separate block letters, rather than in cursive adjoining letters.” Carrozza, 944 A.2d at 165. The court noted:
“Black’s Law Dictionary defines the term ‘signature’ as ‘A person’s name or mark written by that person or at that person’s direction.’ Black’s Law Dictionary 1415 (8th ed.2004). We are further persuaded by the more explicit entry in the dictionary’s sixth edition, in which the term ‘signature’ was defined quite broadly. ‘A signature may be written by hand, printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another .... ’ Black’s Law Dictionary 1381 (6th ed.1990). The validity of a signature, therefore, does not turn on the form of the mark; indeed any mark will suffice, as long as that mark is adopted as one’s own.”
944 A.2d at 195. See also Guam Election Comm’n v. Responsible Choices for All Adults Coal., 2007 Guam 20 ¶ 68 (2007) (“A ‘signature’ is T. A person’s name or mark written by that person or at the person’s direction .... ’ (quoting Black’s Law Dictionary 1387 (7th ed.1999))). This Court has reached similar conclusions with respect to a signature on a deed. See Loyd v. Oates, 143 Ala. 231, 233, 38 So. 1022, 1023 (1905) (“Moreover, this court has held ... that, if a husband and wife appear before an officer and acknowledge their signatures to a conveyance, the conveyance is valid, although neither of them actually signed their names.”); Lewis v. Watson, 98 Ala. 479, 483, 13 So. 570, 572 (1893) (“It follows ... that if the jury believed that Fletcher signed the sheriffs name to the deed ... at the instance and in the presence of the latter ... Holley acquired a perfect title to the land in question ... when that deed was executed.”).
*1001 In the case before us, it is undisputed that the only name (or mark) that appears on the waiver is that of Jeanette Gore. Because Gerald Gore’s name (or mark) does not appear on the waiver, he did not waive the uninsured/underinsured-motorist coverage.