KEOKUK INVESTMENT CO.,
Plaintiff-Appellant,

v.

Ethel W. DOERHOFF,
Defendant-Respondent.

No. 36656.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 25, 1975.

Edwin Rader, Clayton, for plaintiff-appellant.

Richard Wolff, Kappel, Neill, Staed & Wolff, St. Louis, for defendant-respondent.

PER CURIAM:

Plaintiff-appellant, Keokuk Investment Co., sought a mandatory injunction to remove a portion of defendant's building which encroached some four feet six inches onto plaintiff's land. Defendant-respondent Mrs. Ethel W. Doerhoff, counterclaimed and asserted that a five-foot strip of land, the length of her property—on part of which was located her building—was acquired by adverse possession.

After a trial before the court, the court denied the injunction to require the defendant to remove a portion of her two-story building which encroaches upon the plaintiff's property because it would be "oppressive and burdensome" and would work an "extreme and much greater hardship against the defendant as compared to any benefit which would accrue to plaintiff . . .." The trial court also found that Mrs. Doerhoff and her predecessors in title were in actual, open, notorious, uninterrupted, exclusive and lawful possession of the strip of land for the prescribed time and ordered that Mrs. Doerhoff was vested with the title to the 5.20 foot strip of land west of her building.

There is no necessity to recite the lengthy and often confusing facts. Suffice it to say that plaintiff desired to build multi-family units west of the defendant's property. It obtained building permits to erect such units; and, in the course of having a survey, discovered that the defendant's property encroached. After learning of the same, plaintiff started construction.

We have read the entire record, we have examined all the exhibits, read the briefs and the authorities relied upon by both parties and are convinced that the findings and judgment of this court tried case are not erroneous and should be affirmed in all respects.

■ Whether a mandatory injunction to compel the removal of a part of a building which encroaches upon land of another should be granted is a matter of discretion of the chancellor in balancing the equities. The "strong arm of equity" is to be applied with caution and is to be used sparingly. *Hanna v. Nowell,* 330 S.W.2d 595, 603 (Mo. App.1959); *Blumenberg v. Minton,* 507 S.W.2d 26, 28 (Mo.App.1974); 1 Am.Jur.2d Adjoining Landowners § 131 (1962); Annot., 28 A.L.R.2d 679, 692 (1953). To require the defendant to remove the encroachment would require the removal of a wall "three-bricks thick," a part of the foundation and certain gas, plumbing and electrical fixtures. We find no abuse of discretion in the trial court's denying the mandatory injunction.

■ Neither do we find that the court erred in determining that the defendant acquired title to the 5.20 foot strip of plaintiff's property. The defendant and her predecessors in title exercised dominion over the strip for a long period of time.

"[A]lthough a claimant, upon occupancy under a mistake as to the true boundary, did not intend to take land from the true owner and did not intend to occupy and possess land to which he had no record title, his possession may be hostile and adverse if he intended to occupy and did occupy as the owner." *Walters v. Tucker,* 308 S.W.2d 673, 676 (Mo.1957).

There was substantial evidence that, at least since 1948, Mrs. Doerhoff and her deceased husband exercised actual, open and uninterrupted dominion over the five foot strip.

■ Keokuk Investment Co. contends that Mrs. Doerhoff stands in the position of a "grantor" of the land and therefore the grantor's possession is presumed to be subservient to the grant unless the grantor or his successors by words, acts or conduct apprise and give notice to the grantee that there is a claim of title. *Reinheimer v. Rhedans,* 327 S.W.2d 823, 830 (Mo.1959); *Robinson v. Reynolds,* 176 S.W. 3, 5 (Mo. 1915); *Barada-Ghio Real Estate Co. v. Keleher,* 214 S.W. 961, 962 (Mo.1919); Annot., 39 A.L.R.2d 353, 355 (1955). But this principle is inapposite in this proceeding. The evidence in no way discloses that Mrs. Doerhoff or her predecessors in title conveyed the land which included the five foot strip to the plaintiff grantee. The issue is whether the defendant or her predecessors acquired title to the strip by adverse possession. In any event this principle is held to obtain only between the original grantor and grantee and not between their grantees or successors. See 3 Am.Jur.2d Adverse Possession § 163, p. 245 (1962).

■ Keokuk also contends that when a family relationship exists between the parties, i. e., in this instance between the original predecessors in title, in addition to a grantor-grantee relationship, courts are reluctant to grant title by adverse possession. This argument is without merit. There was no evidence that the common ancestors in title were related. They had the same last name. But we cannot speculate that such a relationship existed.

This is a court tried case. As such, we review the cause de novo both upon the law and the evidence and give due deference to the opportunity of the trial court to assess the credibility of the witnesses, and the judgment is not to be set aside unless it is erroneous. Rule 73.01(3).

Upon our own independent examination of this record, we conclude that the judgment should, in all respects, be affirmed.

The judgment is affirmed.

All the Judges concur.