

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| DOROTHY J. SODERHOLM AND BEVERLY A. SODERHOLM, | ) <br> ) <br> )   **WD77626** <br> ) <br> )   **OPINION FILED: April 21, 2015** |
| Appellants, | |
| v. | |
| DUANE L. NAUMAN AND MARTHA ANN NAUMAN, | |
| Respondents. | |

**Appeal from the Circuit Court of Holt County, Missouri**
The Honorable Roger M. Prokes, Judge

Before Division Two: Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge
and Cynthia L. Martin, Judge

Dorothy J. Soderholm and Beverly A. Soderholm (the "Soderholms") appeal a trial court judgment which concluded that Duane L. Nauman and Martha Ann Nauman (the "Naumans") acquired .6 acres of the Soderholms' property through adverse possession. The Soderholms assert that the trial court erred by (1) failing to consider their motion to reopen the evidence following remand from an earlier appeal; (2) refusing to permit admission of official aerial photos into evidence; (3) determining a boundary location for

the adversely possessed tract without a further evidentiary hearing; (4) concluding that the Naumans established each element of adverse possession because the judgment was not supported by the evidence given a dispute about the boundary location; and (5) failing to conclude that the Naumans were estopped to assert adverse possession. Finding no error, we affirm.

## Factual and Procedural History

This case is on appeal for a second time. In *Soderholm v. Nauman*, 409 S.W.3d 382 (Mo. App. W.D. 2013) ("*Soderholm I*"), we reversed the portion of the trial court's judgment which found that the Naumans failed to establish certain essential elements of an adverse possession claim involving a .6 acre tract of land.[1] We remanded the case for further findings.

### *Proceedings Prior to Remand*[2]

The parties dispute ownership of a strip of approximately .6 acres of farm land in Holt County, situated between the Soderholms' and Naumans' properties (the "Soderholm Tract" and the Nauman Tract," respectively). The Soderholm Tract is a twenty-eight acre parcel generally located immediately west of the north-south center line of Section 1, Township 62, Range 39. Squaw Creek is the tract's west property line. The northern portion of the Soderholm Tract's east property line abuts the Nauman Tract. The southern portion of the Soderholm Tract's east property line abuts a parcel owned by the Corbin Family (the "Corbin Tract").

---

[1] *Soderholm I* affirmed the trial court's judgment regarding other claims that are not the subject of this appeal.

[2] We draw our discussion of the proceedings prior to remand primarily from the opinion in *Soderholm I* without further attribution.

The Nauman family originally owned the Soderholm Tract. In 1952, Glen and Thelma Nauman, Duane Nauman's parents, conveyed the Soderholm Tract by warranty deed to John and Julie Andes. John and Julie Andes deeded the tract to Lucy Andes in 1958. Lucy Andes owned the tract from 1958 to 1996 and leased it to Pete Nauman, a distant relative of Duane Nauman, from 1973 to 1996 to farm. In 1996, the tract was conveyed to the Soderholms, a transaction that was negotiated with the assistance of John Schoonover. No survey of the tract was prepared at the time of the Soderholms' purchase. The Soderholms leased the tract to Schoonover from 1996 to 2006 to farm. In 2006, the Soderholms began leasing the tract to Ryan Meyerkorth.

Duane Nauman's parents owned the Nauman Tract until 1981, when Thelma Nauman conveyed the tract by quitclaim deed to Duane Nauman and his brother Glen Nauman. Glen Nauman conveyed his interest in the Nauman Tract to Duane and Martha Nauman by quitclaim deed in 1993.

The property dispute between the Soderholms and the Naumans began in 2007 after the Soderholms ordered a survey of the Soderholm Tract. The survey revealed that the true boundary between the Soderholm Tract and the Nauman Tract was approximately forty-five feet east of the property line claimed by the Naumans. The strip of land between the true property line and the property line claimed by the Naumans contains about .6 acres.[3]

In August 2010, the Soderholms filed suit against the Naumans seeking to quiet title in the .6 acre tract. The Naumans responded with a counterclaim seeking adverse

---

[3]A map that was introduced into evidence at trial is reproduced in the opinion in *Soderholm I*.

possession of the .6 acre tract. The Soderholms generally denied the Naumans counterclaim but did not assert any affirmative defenses to the claim of adverse possession. The matter proceeded to a trial to the court on December 7, 2011.

At trial, Duane Nauman testified that, sometime between 1954 and 1956, John Andes carved a ditch that began at the north side of the Soderholm Tract. The ditch ran north to south between the Soderholm Tract and the Nauman Tract and was intended to prevent dirt from washing down onto the Soderholm Tract. Duane Nauman said that he and John Andes treated the ditch as the property line between the tracts. The ditch was located about forty-five feet west of the true property line revealed by the 2007 survey. Duane Nauman said there was never a fence line between the tracts but that over time trees grew up on the Soderholm side of the ditch. About ten years before trial, Duane Nauman said he had the trees bulldozed because they had begun to encroach upon the Nauman Tract. Duane Nauman testified that he and Glen Nauman farmed the .6 acre tract since at least 1981. Duane Nauman said that he alone farmed the .6 acre tract after he acquired Glen Nauman's interest in the Nauman Tract in 1993 and that no one other than the Naumans claimed ownership of the .6 acre tract between 1981 to 2007. After the 2007 survey, Meyerkorth (the Soderholms' tenant) attempted to plant crops on the .6 acre tract up to the true boundary, but Duane Nauman testified that on each occasion, he would remove Meyerkorth's crops and plant his own crops on the tract.

Pete Nauman testified that either a hedgerow or tree line marked what he believed to be the property line between the Soderholm Tract and the Nauman Tract when he leased the Soderholm Tract from Lucy Andes between 1973 to 1996. Pete Nauman said

he never had a dispute or even a conversation with Duane Nauman about where the property line between the tracts was located. He said there was no need to do so, as no one disagreed with the location of the property line. Pete Nauman's testimony about the location of the hedgerow or tree line was consistent with Duane Nauman's testimony about the location of trees that grew up on the Soderholm side of the ditch created by John Andes in the mid-1950's.

Schoonover testified that there was an old fence line between the Soderholm Tract and Nauman Tract when he helped the Soderholms purchase the tract in 1996. Schoonover said the old fence line was overgrown with trees and brush and that after the Soderholms bought the property, he farmed right up to the fence line. Schoonover said he never had a dispute or even a discussion with Duane Nauman about where the property line was located because there was no question about the boundary between the two tracts. Schoonover's testimony about the location of the fence line overgrown with trees and brush was consistent with Duane Nauman and Pete Nauman's testimony about the location of the trees and hedges marking the property line.

Meyerkorth testified that there was no fence line or tree line separating the properties when he first inspected the Soderholm Tract in 2006. Meyerkorth said that there was a visible field edge between the properties located about forty-five feet west of the true boundary revealed by the 2007 survey. Prior to the 2007 survey, Meyerkorth testified that he and Duane Nauman always observed the field edge as the boundary between the two tracts. The location of the field edge described by Meyerkorth was

5

consistent with Duane Newman's testimony about the removal of trees in the same location approximately ten years prior to trial.

Adam Teale, who conducted the 2007 survey for the Soderholms, said he noticed a field edge between the Soderholm Tract and the Nauman Tract located about forty feet west of the true boundary line.

On January 17, 2012, the trial court entered a judgment in favor of the Soderholms ("Judgment I"). The trial court quieted title to the .6 acre tract in favor of the Soderholms and correspondingly found that the Naumans failed to establish that they had acquired title to the .6 acre tract by adverse possession. Judgment I did not make express findings on each of the required elements of an adverse possession claim but limited its analysis to the "exclusive" and "open and notorious" elements. The trial court found that "the substantial lack of any form of boundary monuments precludes findings that any possession was open and notorious, or exclusive . . . ." *Soderholm I*, 409 S.W.3d at 389. The trial court also found that "prior to the . . . survey in 2007, neither the Soderholms, the Corbins, the Naumans, or the predecessor to the Soderholm[s], had given much thought to the location of the boundaries." *Id*.

In *Soderholm I*, we concluded that these factual findings were supported by no evidence. We found that "[c]ontrary to the court's conclusion, the evidence presented at trial established that all the parties not only had 'thought' about the location of the boundary claimed by the Naumans, but that they all had a clear and mutual understanding as to the boundary's location." *Id.* We additionally found that while witnesses "differed in their *physical descriptions* of the boundary, these differences did not establish a

6

misunderstanding as to the *location* of the boundary claimed by the Naumans" and that "[n]ot one witness indicated any uncertainty as to the location of the boundary." *Id.* at 389-90 (emphasis in original). Finally, we concluded that no evidence in the record supported a finding that there was a substantial lack of any form of boundary monuments because "although the monument's character changed over the years, the monument's location has always been *fixed.*" *Id.* at 391 (emphasis in original).

Though we found error because no evidence supported the trial court's stated bases for concluding that two elements of an adverse possession claim were not established by the Naumans, we did not go so far as to enter judgment in favor of the Naumans on their adverse possession claim. Rather, we held:

> While the circuit court was not required to state all of its reasons for ruling against the Naumans on their adverse possession counterclaim, the only bases articulated by the court are unsupported by the evidence. Consequently, because the entire basis of the court's decision is not reflected in its judgment, we are unable to discern whether the court's factual errors identified in this opinion entitle the Naumans to relief. Because of this uncertainty, we reverse and remand the Naumans's adverse possession counterclaim against the Soderholms *for further findings*.

*Id*. (emphasis added).

***Proceedings on Remand***

On remand, the trial court conducted a hearing on January 8, 2014, and afforded the parties thirty days to file "suggestions" supporting their respective positions on Naumans' claim for adverse possession. The Naumans timely filed suggestions in support of the entry of judgment in their favor on the adverse possession claim, summarizing the evidence in the trial record which supported each of the essential

7

elements of an adverse possession claim. The Soderholms did not file suggestions in support of the entry of judgment in their favor on the Naumans' adverse possession claim. Instead, the Soderholms filed a pleading entitled "Motion" on February 20, 2014. The pleading sought an order "directing the taking of additional evidence" in the case. Besides referencing Duane Nauman's trial testimony where he mentioned that he had photographs evidencing his activities on the .6 acre tract, the Soderholms' motion did not identify any other evidence they wished to add to the trial record. The Soderholms did not file a notice setting their motion for hearing until March 3, 2014, which notice purported to schedule a hearing for April 2, 2014. The Soderholms' motion to reopen the trial record, and their notice of hearing on the motion, were both filed after the deadline to file "suggestions" on the merits of the Naumans' adverse possession claim had expired.

The trial court entered judgment on March 5, 2014 ("Judgment II"). Judgment II found in favor of the Naumans on their adverse possession claim and correspondingly found that the Soderholms had no legal right, title or interest in the .6 acre tract. In Judgment II, the trial court found that:

> Upon review of the record and consideration of the decision of the Court of Appeals and the briefs filed by the parties following remand, this Court finds that, with this case having been fully tried on all claims, there is no need for additional testimony or other evidence on the issue of adverse possession remanded to this Court for resolution.

The trial court also found that "[t]he Naumans satisfied each of the elements necessary to establish adverse possession of the .6 acres, and their evidence of adverse possession is not only substantial, there is little or no credible evidence to the contrary." The trial court

8

then described the evidence on which it relied to find that each of the essential elements of an adverse possession claim had been established.

The Soderholms filed post-trial motions for a new trial, to vacate Judgment II and reopen the record, and to amend the judgment. The trial court denied the post-trial motions following a hearing.

The Soderholms filed this timely appeal.

## Standard of Review

"In a court-tried case, this court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Murphy v. Holman*, 289 S.W.3d 234, 237 (Mo. App. W.D. 2009) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). "All evidence favorable to the judgment and all inferences to be drawn from the evidence are accepted as true, and all contradictory evidence is disregarded." *Underwood v. Hash*, 67 S.W.3d 770, 774 (Mo. App. S.D. 2002). "Credibility of the witnesses and the weight to be given to their testimony is for the trial court, which is free to believe none, part, or all of the testimony of any witness." *Id.*

## Analysis

The Soderholms assert five points on appeal. We address points one and two together, points three and four together, and point five separately.

## Points I and II

The Soderholms argue in their first point on appeal that the trial court erred by failing to permit them to admit aerial photographs into evidence because they were an

admissible government record pursuant to section 490.220[4] and because they were relevant to the location of the boundary between the Soderholm Tract and the Nauman Tract. They argue in their second point on appeal that the trial court erred because it failed to hear and consider their motion to reopen the record before entering Judgment II. Both points involve the discretion of the trial court to reopen the evidence.

"An appellate court will not interfere with a trial court's decision to reject a party's motion to reopen a case for additional evidence unless an abuse of discretion appears." *Forney v. Missouri Bridge & Concrete, Inc.*, 112 S.W.3d 471, 475 (Mo. App. W.D. 2003). Likewise, "[a] trial court has considerable discretion in admitting or excluding evidence [and this court] will reverse the trial court's decision regarding the admission of evidence only if the trial court abused its discretion." *Hall v. Utley*, 443 S.W.3d 696, 709 (Mo. App. W.D. 2014). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration." *Id.*

In their second point on appeal, the Soderholms argue that the trial court abused its discretion because it failed to "hear and consider" their motion to reopen the evidence before entering Judgment II. This point is without merit. In Judgment II, the trial court held that:

> Upon review of the record and consideration of the decision of the Court of Appeals and ***the briefs filed by the parties following remand***, this Court finds that, with this case having been fully tried on all claims, there is no

---

[4]All statutory references are to RSMo 2000, as supplemented, unless otherwise noted.

need for additional testimony or other evidence on the issue of adverse possession remanded to this Court for resolution.

(Emphasis added.) Plainly, the trial court heard, considered, and denied the Soderholms' motion to reopen the evidence--the only "brief" the Soderholms filed following remand. The Soderholms do not contend on appeal that the trial court abused its discretion in denying their motion to reopen the evidence.

Point two on appeal is denied.

In their first point on appeal, the Soderholms argue that the trial court abused its discretion by refusing to admit official aerial photographs marked as Exhibit 101 into the trial record. The Soderholms' point on appeal fails to mention that the effort to "admit" this evidence was not made until the hearing on the Soderholms' post-trial motions following the entry of Judgment II.

We have already explained that the trial court acted within its discretion to deny the Soderholms' request to reopen the trial record. The Soderholms do not contend in their first point on appeal that the trial court abused its discretion in this regard. They claim error based solely on the fact that an evidentiary foundation for the photographs was established by statute and the photographs were relevant to a contested issue. Admissibility of the photographs is immaterial, however, unless the trial court abused its discretion in refusing to reopen the trial record.

Moreover, the Soderholms acknowledged during the hearing on their post-trial motions that Exhibit 101 was not newly discovered evidence that was unavailable to them at the time of trial. "Courts cannot reopen cases merely because a party has had a

change of heart regarding the importance of evidence it chose not to introduce when it first had the opportunity to do so." *Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310, 328 (Mo. App. W.D. 2000).

Point one on appeal is denied.

### Points III and IV

The Soderholms argue in their third point on appeal that the trial court erred in concluding that the Naumans established an uncontested boundary location for the .6 acre tract without a further evidentiary hearing because this court "misread" the evidence in *Soderholm I* when it concluded that all parties agreed about the boundary location. The Soderholms argue in their fourth point on appeal that the trial court erred in entering judgment in favor of the Naumans' claim for adverse possession because the evidence was contested about the boundary line for the .6 acre tract and, thus, could not support a finding that each of the essential elements of adverse possession had been established. Both points address the sufficiency of the evidence to support the entry of judgment in favor of the Naumans based on alleged contested evidence regarding the location of the line treated as the boundary between the Soderholm Tract and the Nauman Tract.

In their third point on appeal, the Soderholms repeat the refrain that the trial record should have been reopened by claiming that the trial evidence "has been misinterpreted . . . to indicate that all of the witnesses agreed with Duane Nauman's claim about the location of the boundary between his farm and the Soderholms'." [Soderholms' Brief, p. 26] The Soderholms correctly recognize that we held in *Soderholm I* that "[n]ot one witness indicated any uncertainty as to the location of the boundary. Indeed the

12

Soderholms have never argued to the contrary at trial, or an appeal." 409 S.W.3d at 390. The Soderholms obviously disagree with this determination. However, this determination constitutes the law of the case. "The law of the case doctrine governs successive appeals involving the same issues and facts." *Ironite Products Co., Inc. v. Samuels*, 17 S.W.3d 566, 570 (Mo. App. E.D. 2000). "Under this doctrine, the appellate decision becomes the law of the case in a subsequent proceeding in the same cause and precludes re-examination of issues decided in the original appeal." *Id.* "This rule applies to matters decided by the appellate court's opinion, either directly or by implication." *Id.*

Because the Soderholms' claim of error amounts to nothing more than an expression of disagreement with an appellate determination that is the law of the case, the point is without merit.[5]

Point three on appeal is denied.

In their fourth point, the Soderholms' generally allege that the Naumans "failed to establish each element of their adverse possession claim" because the evidence about the location of the line treated by the parties as the boundary between the Soderholm Tract and the Nauman Tract was "misinterpreted" and contested. We have already explained the futility of the Soderholms' present disagreement with our determination in *Soderholm*

---

[5]The law of the case in *Soderholm I* was limited, of course, to determinations regarding the evidence in the trial record. We are not suggesting that the law of the case doctrine would have precluded the trial court from exercising its discretion to reopen the trial record on remand to consider additional evidence regarding the line treated as the boundary between the Soderholm Tract and the Nauman Tract, given our general mandate remanding for "further findings." *Soderholm I*, 409 S.W.3d at 391. As we have observed, however, the trial court declined to reopen the trial record--a matter within its discretion, and as to which the Soderholms have not claimed an abuse of discretion on appeal.

13

*I* that the evidence at trial reflected no disagreement about the location of the line treated by all as the boundary between the Soderholm Tract and the Nauman Tract prior to 2007.

It is true, of course, that on remand, the trial court remained bound to determine whether each of the essential elements of the adverse possession claim had been established by the Naumans. To prevail on a claim of adverse possession, a claimant must prove by a preponderance of the evidence that his possession of the tract of land was: (1) hostile, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for a period of ten years. *Luttrell v. Stokes*, 77 S.W.3d 745, 750 (Mo. App. S.D. 2002). The claimant has the burden of proving each element and failure to prove any one element will defeat the claim. *Id.*

Though the trial court was bound on remand by our determination that the location of the line treated as the boundary between the parties' tract was uncontested prior to 2007, that determination did not dictate other factual findings the trial court was required to make to determine whether each element of an adverse possession claim had been established. "A general remand leaves all issues open to consideration for the trial court after remand." *Ironite Products Co., Inc.*, 17 S.W.3d at 570. "The opinion is part of the mandate and must be used in interpreting the mandate." *Id.* "[A] general remand has the effect of a direction to proceed in accordance with the holdings entered by the opinion of the appellate court as the law of the case." *Id.* (internal quotations omitted).

The trial court abided by our mandate on remand. Judgment II reflects "further findings" required to determine whether each of the essential elements of the claim of adverse possession had been established, while accepting as the law of the case our

14

determination that the uncontested trial evidence established the line treated as the boundary between the Soderholm Tract and the Nauman Tract prior to 2007. The Soderholms' fourth point on appeal does not take issue with any of the trial court's "further findings" and claims only that the essential elements of adverse possession were not established because the evidence regarding the line treated as the boundary between the parties' tracts prior to 2007 was "misinterpreted" and contested. We have already explained that *based on the evidence presented at trial*, our holding in *Soderholm I* regarding the uncontested location of the line treated as the boundary between the tracts prior to 2007 is the law of the case. While the trial court had the discretion to reopen the record to entertain additional evidence regarding location of this line, it was not required by our mandate to do so.[6] Once again, the Soderholms do not claim that the trial court abused its discretion in refusing to reopen the trial record.

Point four on appeal is denied.

## Point V

In their fifth point on appeal, the Soderholms argue that the trial court erred as a matter of law because the Naumans were estopped to claim adverse possession over the .6 acre tract because Duane Nauman's parents would have been estopped to assert such a claim.

---

[6]The Soderholms cite *Kinder v. Kinder*, 777 S.W.2d 339 (Mo. App. W.D. 1989) and *Wetherbee, Ltd. v. Allred*, 969 S.W.2d 756 (Mo. App. W.D. 1998) for the proposition that the trial court needed to hear additional evidence regarding the Naumans' adverse possession claim in order to reach a rational result. Those cases do not stand for that proposition but instead illustrate that an appellate court will only use its Rule 84.14 authority to modify a judgment when no further factual adjudication is necessary.

15

The Soderholms have not preserved this claim of error for appellate review. "Estoppel is an affirmative defense." *Exchange Nat. Bank of Jefferson City v. Wolken*, 819 S.W.2d 45, 48 (Mo. banc 1991) (citing Rule 55.08). Rule 55.27(a)[7] provides that "[e]very defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto . . . ." The Soderholms did not assert estoppel as an affirmative defense in their answer to the Naumans' counterclaim for adverse possession. In fact, they first raised the defense in their post-trial motions filed following the entry of Judgment II. Failure to timely plead an affirmative defense constitutes a waiver of the defense. *Bateman v. Platte County*, 363 S.W.3d 39, 42 (Mo. banc 2012).

In any event, there is no merit to the newly asserted defense. The Soderholms argue that since Duane Nauman's parents conveyed the Soderholm property to the Andes (the Soderholms' predecessors in title), and since the Naumans acquired their interest in the Nauman Tract by quitclaim deed, the Naumans should be estopped to claim adverse possession over the .6 acre tract because Duane Naumans' parents would have been estopped to do so. In other words, the Soderholms argue that as a matter of law, a grantor's successor, who is a member of the grantor's family, is precluded from claiming adverse possession from the grantee's successors.

The Soderholms acknowledge that no Missouri authority supports this principle of law but claim that, given the chance, the Missouri Supreme Court would adopt the principle as outlined in *Carrozza v. Carrozza*, 944 A.2d 161, 166 (R.I. 2008). *Carrozza*

---

[7]All references to Rules are to *Missouri Court Rules, Volume I -- State, 2014*, unless otherwise noted.

does not state the Soderholms' proposed rule, however, and instead holds only that the *original grantor* "who transfers freely his interest in certain real property cannot, at some later date, reassert the validity of his title in the property against a grantee or the grantee's successors in interest." *Carrozza*, 944 A.2d at 166. Duane Nauman's parents, the original grantors, are not parties to this case. The rule as outlined in *Carrozza* would have no application here even were it to be adopted in Missouri.

Moreover, two Missouri cases, *Lancaster v. Neff*, 75 S.W.3d 767 (Mo. App. W.D. 2002) and *Keokuk Inv. Co. v. Doerhoff*, 530 S.W.2d 507 (Mo. App 1975), suggest that Missouri courts would not adopt the rule outlined in *Carrozza*. Both cases state the general principle that a "grantee may not be deprived of his title to the land by the retention of possession by [the] grantor for any length of time whatever, *unless sufficient notice was given him of the cessation of the presumed friendly possession and the beginning of a hostile possession*." *Lancaster*, 75 S.W.3d at 772; *Keokuk Inv. Co.*, 530 S.W.2d at 509 (emphasis added). This holding clearly anticipates that even as between an original grantor and his or her grantee, hostile possession by the grantor could commence sufficient to later claim title by adverse possession *if* sufficient notice is afforded to the grantee. Moreover, both cases point out that the constraint of commencement of hostile possession absent sufficient notice "is held to obtain only between the original grantor and grantee and not between their grantees or successors." *Lancaster*, 75 S.W.3d at 772; *Keokuk Inv. Co.*, 530 S.W.2d at 509.[8]

---

[8]While neither *Lancaster* nor *Keokuk* directly confronted a situation, like this one, in which the original grantor's successor was asserting a claim of adverse possession against the original grantee's successor, there is no indication that Missouri courts would divert from this rule.

17

Point five on appeal is denied.

## Conclusion

The trial court's judgment is affirmed.[9]  The Naumans' acquired title to the .6 acre

tract[10] by adverse possession.[11]

*Cynthia L. Martin*
_____
Cynthia L. Martin, Judge


All concur.

---

[9]Because *Soderholm I* reversed the judgment in favor of the Soderholms on the Naumans' claim for adverse possession and remanded for further findings, by necessary implication *Soderholm I* required the trial court on remand to address as well its initial entry of judgment in favor of the Soderholms quieting title to the .6 acre tract in their favor.  Because Judgment II found in favor of the Naumans on their claim of adverse possession to the .6 acre tract, and expressly found that the Soderholms "have no right, title or interest in, or claim to, the .6 acres," Judgment II operates to vacate Judgment I's entry of judgment quieting title in favor of the Soderholms as to the .6 acre tract.

[10]The legal description for the .6 acre tract is set forth on page 6 of Judgment II and is incorporated herein by reference.

[11] Just prior to oral argument, the Soderholms filed a motion to supplement the legal record with a duplicate copy of exhibit 101.  Given our disposition of the point on appeal addressing this exhibit, the motion is denied as moot.