

# Missouri Court of Appeals
## Southern District

### In Division

T.J.W., Individually, and A.N.M.T.-W., )
by T.J.W. as Next Friend, )
       )
       Petitioners-Respondents, )
       )
vs. )     No. SD37065
       )
K.T., )     **Filed: December 20, 2022**
       )
       Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

The Honorable Kerry G. Rowden, Special Judge

### AFFIRMED

This appeal of the trial court's judgment is the second appeal filed by K.T.

("Mother") in this paternity action. In the first appeal, this Court reversed and remanded

the trial court's initial judgment for further findings under section 452.375.2(2) and (4).[1]

On remand, the trial court made additional findings under section 452.375.2(1) through

(7) on the existing evidentiary record and, in a Judgment After Remand ("Judgment"),

again awarded Mother and T.J.W. ("Father") joint legal and physical custody of Mother

---

[1] Unless otherwise specified, all references to statutes are to RSMo Cum.Supp. 2018, and all
references to rules are to Missouri Court Rules (2022).

1

and Father's minor child ("Child").  The Judgment also carried forward a change to Child's last name, and an award of child support to Mother for a limited time.

Mother now appeals the Judgment, and raises five points – the trial court erred (1) "because [it] misapplied the law by failing to follow [our mandate in Mother's first appeal]; in that the [trial] court erroneously issued new findings in the [Judgment], based solely on stale evidence gleaned from proceedings which ended over two-and-a-half years ago, which cannot accurately determine the best interests of the child[;]" (2) "because [it] erroneously declared and misapplied §452.375.5(1)-(5) [in awarding Mother and Father joint legal custody instead of awarding Mother sole legal custody]; in that the court erroneously determined that joint custody was in the best interests of the child, based solely upon a finding that the parties had complied with prior court orders, which cannot support an award of joint legal custody when the parents cannot communicate with one another to jointly make decisions in the child's best interests[;]" (3) "because [it] misapplied the statutory provisions of §452.375.2, §452.375.4, §452.375.6, and §452.375.9; in that . . . the court failed to [(a)] make sufficient factual findings . . . [under] §452.375.2 . . ., [(b)] include a written finding detailing the specific relevant factors resulting in the rejection of both parties' proposed parenting plans, and . . . [(c)] include a specific written parenting plan . . . [under §452.375.9;]" (4) "because [its] findings regarding the 'best-interest factors' in §452.375.2 are [not supported by substantial evidence;]" and (5) "because it misapplied Missouri law[2] regarding child

---

[2] As pointed out in our analysis of Mother's fifth point, the language of Mother's fifth point varies from place to place in her brief and may be, or include, a not-supported-by-substantial-evidence claim.

2

support in §452.375.14, §452.340, and Missouri Supreme Court Rule 88.01 and Form 14; in that the court failed to include its reasons for deviating from the presumed child support amount, and finding that the presumed child support amount in Father's Form 14 was rebutted as unjust and inappropriate, and failed to include its own Form 14." We reject each of Mother's points for the reasons set forth below.

## Factual and Procedural Background

As set forth in our Factual and Procedural Background section of our first opinion we issued in this case related to the first appeal, "Child was born in July of 2015, and paternity was established through DNA testing. After Child's birth, Father and Mother each petitioned the trial court to resolve disputes concerning Child's custody, visitation, and support." *T.J.W. v. K.T.*, 614 S.W.3d 637, 639 (Mo. App. S.D. 2020). The trial court issued its judgment, awarding the parties "Joint Legal and Joint Physical Custody of their child with Mother/Father's address designated as the child's address for educational and mailing purposes subject to the *Court-Ordered Parenting Plan*[.]" *Id.* (internal quotations omitted). The trial court made factual findings on the statutory factors in its judgment, set forth fully in our previous opinion. *Id.* at 639-40.

In Mother's first appeal in this case, she raised four points – (1) the trial court's custody determination was not supported by substantial evidence; (2) "the trial court erred in failing to make required statutory findings under section 452.375"; (3) the trial court's custody determination was against the weight of the evidence; and (4) the trial court's child support award was against the weight of the evidence. *Id.* at 640-41, 642. We found her second point, to the extent preserved, was dispositive, and held "[w]e reverse the judgment, do not reach Mother's remaining points, and remand the case for

further proceedings consistent with this opinion.[]" ***Id.*** at 639, 640-41, 643 (footnote omitted).

In so doing, we concluded that Mother's claims under her second point - that the trial court failed to make statutory findings addressing the "public policy considerations of section 452.375.4" and "the specific relevant factors resulting in the rejection of [a proposed custodial arrangement]" under the "latter requirement in section 452.375.6" - were not raised in Mother's motion to amend the original judgment and therefore not preserved for appellate review. ***Id.*** at 641-42. We further concluded that Mother's claims under her second point "concerning the trial court's findings, or lack thereof," under subdivisions (1), (5) and (6) of section 452.375.2 were not addressed in Mother's argument and therefore were deemed abandoned. ***Id.*** at 642. As a result, the only claims under Mother's second point that were preserved for our review in Mother's first appeal were "the trial court's findings as to the factors in section 452.375.2(2) and (4)." ***Id.*** at 641-42. As to those two subdivisions of section 452.375.2, we granted Mother's second point and reversed and remanded for the trial court to issue adequate written findings under those two subdivisions. ***Id.*** at 641-43.

Our mandate issued on January 5, 2021, and in relevant part provided the trial court's "judgment . . . is reversed and the cause is remanded to the circuit court for further proceedings consistent with the opinion of the Court herein delivered." On remand, the trial court denied Mother's oral request for an evidentiary hearing to present additional evidence, and, on February 25, 2021, issued its Judgment that appears identical to the trial court's original judgment except that it (1) contains an introductory paragraph that explains the remand; (2) contains significant additional findings addressing

subdivisions (2) and (4) of section 452.375.2; (3) contains less significant additional findings addressing subdivisions (1), (3), (5), (6) and (7) of section 452.375.2, all of which the trial court found were not relevant factors in both its original judgment and the Judgment;[3] and (4) references and incorporates into the Judgment the "Court-Ordered Parenting Plan" and identifies the plan as "Exhibit 1" as in the trial court's original judgment, but fails to physically attach the plan to the Judgment as was done with the original judgment.

### General Standard of Review for All Five Points

In a court-tried civil case:

> [t]he judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. The judgment is presumed correct and the appellant has the burden to prove error.

*Turner v. Jordan*, No. SD37432, 2022 WL 17101031, at *2 (Mo. App. S.D. Nov. 22, 2022) (internal quotations and citations omitted). Further, "[w]e defer to the trial court's determinations as to the credibility of witnesses," *Houston v. Crider*, 317 S.W.3d 178, 183 (Mo. App. S.D. 2010) (internal quotations and citation omitted), and, the trial court is "free to believe none, part, or all of the testimony of any witness." *Soderholm v. Nauman*, 466 S.W.3d 610, 617 (Mo. App. W.D. 2015) (internal quotations and citation omitted). We "view all evidence and inferences in the light most favorable to the judgment and[, except when reviewing an against-the-weight-of-the-evidence challenge,]

---

[3] In both the trial court's original judgment and the Judgment, the trial court also found that subdivision (8) of section 452.375.2 was not a relevant factor. The portion of the Judgment that contains the trial court's findings under section 452.375.2 also contains one less numbered paragraph than the trial court's original judgment. The renumbering for this portion of the Judgment appears to be an inadvertent typographical error.

disregard all contrary evidence and inferences." ***Turner***, at \*2; ***Houston***, 317 S.W.3d at 183. We review an asserted erroneous declaration or misapplication of law *de novo*. ***Coats v. Mustion***, 619 S.W.3d 547, 549 (Mo. App. S.D. 2021).

## Analysis

*Point I – Our Mandate in Mother's First Appeal Was a General Remand Leaving All Issues Not Resolved By the Law of the Case Open for the Trial Court's Consideration on Remand*

In Mother's first point, Mother asserts the trial court erred "because [it] misapplied the law by failing to follow [our mandate in Mother's first appeal]; in that the [trial] court erroneously issued new findings in the [Judgment], based solely on stale evidence gleaned from proceedings which ended over two-and-a-half years ago, which cannot accurately determine the best interests of the child." At oral argument, Mother's counsel confirmed this point claims a misapplication of the law that is subject to *de novo* review. We deny Mother's first point because the trial court did not legally err in following our general remand.

### Standard of Review Specifically for Point I

The question of whether the trial court followed our mandate is reviewed *de novo*. ***Abt v. Mississippi Lime Co.***, 420 S.W.3d 689, 697 (Mo. App. E.D. 2014) (in the context of a general remand); ***Taylor v. Taylor***, 620 S.W.3d 671, 674 (Mo. App. E.D. 2021) (in the context of what appears to be a remand with directions to enter a particular judgment); *see also* ***Smith v. Brown & Williamson Tobacco Corp.***, 410 S.W.3d 623, 634, 638 (Mo. banc 2013) (discussing, in the context of a general remand, the application of *de novo* review to the question of whether the trial court legally erred in acting outside the scope of the appellate mandate).

6

<u>Generally Applicable Legal Principles</u>

There are two types of remand – (1) a general remand and (2) a remand with directions that "requires the trial court to enter a [particular] judgment in conformity with the mandate." **Smith**, 410 S.W.3d at 633 (internal quotations and citations omitted). Generally, a remand "for further proceedings in accordance with the opinion" is a general remand "because in every case of remand further proceedings should be 'in accordance with the opinion' whether or not that admonition is appended." **Id.** (internal quotations and citations omitted).

A general remand "leaves all issues not conclusively decided"[4] in the appeal open for the trial court's consideration on remand. **Id.** at 634; **Soderholm**, 466 S.W.3d at 620, 619-20 (similar statement). For example, with a general remand, new evidence may be introduced during a retrial on remand in the discretion of the trial court. **Smith**, 410 S.W.3d at 634, and **Soderholm**, 466 S.W.3d at 616, 617, 618, 619-20 & n.5 (in the context of a motion to reopen the evidence following a general remand and a post-remand, non-evidentiary "hearing," the Western District noted a trial court's denial of a motion to reopen the evidence is reviewed for an abuse of discretion); *see also* **Reno v.**

---

[4] So long as the law and facts remain the same on remand, issues conclusively decided not only include all issues presented and decided in the appeal, but generally may also include issues that could have been raised in the appeal but were not. **Abt**, 420 S.W.3d at 698; *see also* **Soderholm**, 466 S.W. at 618-19 & n.5 (law of the case rule applies to matters decided "directly or by implication"), and **Smith**, 410 S.W.3d at 634 (where, on remand, additional evidence is introduced that "presents a different case," the trial court will be bound by the prior appellate decision "only so far as the principles of law then declared are applicable to the new state of facts"). *See also* our discussion of the doctrine of the law of the case in our analysis of Mother's fifth point.

*Gonzales*, 489 S.W.3d 900, 905, 907 (Mo. App. W.D. 2016) (in the context of a proposed

remand that did not expressly or by necessary implication require an evidentiary hearing

for "legal custody," stating "[o]n remand, [i]t is within the trial court's discretion to

reopen the record and receive additional evidence concerning legal custody, given the

passage of time since trial and judgment.") (internal quotations and citation omitted).

In addition:

> [A] general remand cannot be read in isolation.  Instead, "[a] general remand has the effect of a direction to proceed in accordance with the holdings entered by the opinion of the appellate court as the law of the case." *Outcom, Inc. v. City of Lake St. Louis*, 996 S.W.2d 571, 574 (Mo. App. E.D. 1999).
> "On remand, proceedings in the trial court should be in accordance with both the mandate and the result contemplated in the opinion." *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991). "The mandate serves the purpose of communicating the judgment to the lower court, and the opinion, which is a part thereof, serves in an interpretative function." *Durwood v. Dubinsky*, 361 S.W.2d 779, 783 (Mo. banc 1962) (internal citation omitted).  "It is well settled that the mandate is not to be read and applied in a vacuum.  The opinion is part of the mandate and must be used to interpret the mandate itself." *McDonald v. McDonald*, 795 S.W.2d 626, 627 (Mo. App. E.D. 1990).

*Welman v. Parker*, 391 S.W.3d 477, 483-84 (Mo. App. S.D. 2013).  Further, on remand,

the trial court has a duty to complete all tasks necessary to give effect to the appellate

court's mandate and opinion including tasks that, by necessary implication, are

contemplated by the mandate and opinion though not expressly stated in those

documents.  *Carver v. Delta Innovative Services*, 419 S.W.3d 792, 795, 794-95 (Mo.

App. W.D. 2013); *see also* *Smith*, 410 S.W.3d at 634-35, and *Soderholm*, 466 S.W.3d at

621 n.9 (brief reference in both decisions to this principle).

<u>Discussion</u>

Our mandate, as interpreted in light of our opinion, was a general remand that reversed and remanded the Judgment for the trial court to issue adequate written findings under section 452.375.2(4) and (5). Our mandate and opinion did not require, either expressly or by necessary implication, the trial court reopen the evidence or conduct a hearing on remand. On remand, the trial court did exactly as our mandate and opinion required by issuing additional written findings under section 452.375.2(2) and (4). As a result, the trial court did not legally err in failing to comply with our mandate and opinion.[5]

---

[5] Mother refers us to three judicial decisions – ***Searcy v. Searcy***, 38 S.W.3d 462 (Mo. App. W.D. 2001), ***Cannon v. Cannon***, 351 S.W.3d 843 (Mo. App. W.D. 2011), and ***M.P.P. v. R.R.E.***, 490 S.W.3d 781 (Mo. App. E.D. 2016) – in support of her claim that the trial court legally erred in failing to comply with our mandate and opinion. These decisions do not support Mother's claim. In ***Searcy***, the Supreme Court reversed the trial court's transfer of custody of four children from third parties to the children's mother, and remanded with directions to enter a particular judgment – i.e., to reinstate custody in the third parties. ***Searcy***, 38 S.W.3d at 464. On remand, the trial court not only reinstated custody as directed, but also changed and removed some visitation provisions of its prior decree for the mother and the father of two of the children. ***Id.*** at 464, 464-66. On appeal after remand, the Western District concluded the trial court legally erred in changing visitation because the changes in visitation went beyond the Supreme Court's mandate. ***Id.*** at 464, 469-71, 472. The Western District also concluded that the changes in visitation were erroneous for another reason – i.e., the changes were based on old evidence that the parties "stipulated" was no longer accurate. ***Id.*** at 464, 471-72.

In ***Cannon***, the Supreme Court reversed the trial court's award of joint legal and physical custody to the father of two children, and remanded stating in the mandate that the trial court's judgment "be reversed, annulled and for naught held and esteemed, and that [the children's mother] be restored to all thing[s] which she has lost by reason of" the judgment. 351 S.W.3d at 846-47, 848-49. The Supreme Court's opinion further added that the father was limited to supervised visitation. ***Id.*** at 847. On remand, the trial court "conducted an evidentiary hearing

9

limited to the issue of 'the parameters of supervised visitation,'" excluded evidence relevant to changes in the children's situation since before the mother's first appeal and new evidence of the children's best interest, and accepted the father's and guardian *ad litem*'s position that the "only issue before the court on remand was who should supervise the visitation" awarded in the prior judgment. *Id.* at 847, 849. On appeal, the Western District concluded the trial court legally erred because the Supreme Court's mandate "restored the case to the status quo" before the trial court's first judgment with the result that, on remand, the merits of the father's motion to modify "in their entirety" were pending before the trial court with all the mother's rights restored and the prior judgment still in effect. *Id.* at 848-49. "The mandate simply did not limit the proceedings in the manner interpreted by the trial court." *Id.* at 849. Because the merits of the father's motion to modify were before the trial court in their entirety on remand, the Western District also concluded that the trial court erred in entering a judgment based on stale evidence. *Id.* at 848-49.

In *M.P.P.*, the trial court held it was in the best interest of a child that the child's parents share joint legal and physical custody. 490 S.W.3d at 782. On appeal, the Eastern District reversed because the trial court failed to make written findings required under section 452.375.6. *Id.* The Eastern District's opinion stated in a footnote: "On remand, the parties will have the opportunity to **reassess** the issues of custody and the name change, so we need not reach those issues. However, we note that the **current custody schedule is unworkable** once the Minor Child starts school." *Id.* at 782-83 (emphasis added). The opinion concluded: "The judgment is reversed and the cause is remanded. After determining the issues on remand, the trial court shall make the required findings in accordance with Section 452.375.6 and take whatever other action is appropriate." *Id.* at 782. The Eastern District's mandate "instructed the trial court to 'determine the issues on remand and make the required findings . . . and take whatever other action is appropriate in accordance with this Court's opinion [.]'" *Id.* at 783. On remand, the trial court did not conduct an evidentiary hearing, made findings under section 452.375.6, and "reinstated the same . . . joint physical custody plan." *Id.* On appeal after remand, the Eastern District reiterated that in its opinion in the first appeal, it "specifically indicated custody issues were to be **reassessed** and noted the **current . . . custody schedule would be unworkable**," and concluded that the trial court failed to "fulfill[] its duty on remand to give effect to the result contemplated in our opinion" in accordance with *Abt v. Mississippi Lime Co.*, 420 S.W.3d 689, 697 (Mo. App. E.D. 2014) and *Carver v. Delta Innovative Services*, 419 S.W.3d 792, 795 (Mo. App. W.D. 2013). *Id.* at 783-84. The Eastern District also held "the trial court not only failed to

10

As a general remand, other issues not conclusively decided in Mother's first appeal or subject to the law of the case (like whether to reopen the evidence on remand) remained open for the trial court's consideration on remand. Issues not conclusively decided in the first appeal or subject to the law of the case present an entirely different question than whether the trial court failed to comply with our general remand.

For example, Mother's oral request to reopen the evidence presented a separate question, and, if properly raised, preserved and pursued on appeal, the trial court's denial of that request would be subject to review for an abuse of discretion.[6] However, Mother chose to pursue an alleged legal error here, and does not contend that the trial court

---

interpret and follow [its] mandate, but" also erred in entering a judgment based on stale evidence. *Id.* at 784.

Unlike *Searcy*, which involved a remand that required the trial court to enter a particular judgment, and *Cannon* and *M.P.P.*, which involved remands in which the trial court failed to complete all tasks necessary to give effect to the appellate court's mandate and opinion including tasks that, by necessary implication, were contemplated by the mandate and opinion though not expressly stated in those documents, the remand in this case was a general remand that did not expressly or by necessary implication require that the trial court reopen the evidence or conduct a hearing on remand.

[6] Following remand, Mother's counsel filed a written motion for a change of judge and, in a hearing on February 22, 2021, argued two grounds in support of the motion – (1) the points not ruled on by us in the first appeal "will necessarily require evidentiary hearing or another trial," and (2) the proceeding on remand is a "new proceeding," and "a new trial is necessary" because the evidence "is now stale." The trial court denied the motion for a change of judge. Mother's counsel then stated "Well, in that case, Your Honor, then we would need an evidentiary hearing to address the issues that have occurred, that would necessarily affect the decisions of the Court." The trial court "disagree[d]," and stated, "the mandate is for me to make . . . findings of fact on the two statutory factors the court of appeals has mandated me to do," and he intended to do so in the first week of March. Mother's counsel replied "Okay."

abused its discretion in denying her request for an evidentiary hearing.[7] Mother's first point is denied.

*Point II – The Trial Court Did Not Erroneously Declare or Misapply Section 452.375.5*

In her second point, Mother asserts the trial court "erroneously declared or misapplied §452.375.5(1)-(5)" in awarding joint legal custody to Mother and Father rather than sole legal custody to Mother "in that the [trial] court erroneously determined that joint [legal] custody was in the best interests of the child, based solely upon a finding that the parties had complied with prior court orders, which cannot support an award of joint legal custody when the parents cannot communicate with one another to jointly make decisions in the child's best interests."[8] We reject this point.

Section 452.375.5 requires that "[p]rior to awarding the appropriate custody arrangement in the best interest of the child, the court shall consider each of the following as follows:" (1) joint physical and joint legal custody "to both parents, which shall not be denied solely for the reason that one parent opposes a joint physical and joint legal custody award. . . .;" (2) joint physical custody with one party granted sole legal custody; (3) joint legal custody with one party granted sole physical custody; (4) sole custody to either parent; or (5), when the court finds that each parent is unfit, third-party custody or

---

[7] Even if properly raised, preserved and pursued on appeal, it is very unlikely the trial court could be found to have abused its discretion in denying Mother's oral request for an evidentiary hearing in the circumstances of this case. Mother's oral request did not include any contention that the evidence was stale, and did not proffer any information as to what specific evidence needed to be introduced that was not already in the record.

[8] The language used to describe this point relied on varies somewhat from Mother's first statement of the point to Mother's restatement of the point before argument. We have used the language from the first statement of her point for our analysis.

visitation.  Under section 452.375.1(2), joint legal custody means that the parents "share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority[.]"

In turn, section 452.375.2 then requires that:

2.  The court shall determine custody in accordance with the best interests of the child. When the parties have not reached an agreement on all issues related to custody, the court shall consider all relevant factors and enter written findings of fact and conclusions of law, including, but not limited to, the following:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved . . .;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian. . . .

Section 452.375.5, in combination with section 452.375.2, 4, 6 and 9, creates a public policy preference for (but not presumption in favor of) joint physical and joint

legal custody where that arrangement is in the best interest of the child. ***Moore v. Moore***, 645 S.W.3d 705, 711, 711-13 (Mo. App. W.D. 2022); ***Reno***, 489 S.W.3d at 902-03, 905.

In this case, the trial court complied properly with, and did not erroneously declare or misapply, section 452.375.5. In connection with the first factor under section 452.375.2, which the trial court found was not a relevant factor because the wishes of the parents as to custody were different, the trial court also noted (1) the trial court found Mother "to be not credible;" (2) Mother, "without justification or credible evidence," "sought sole legal custody . . . continuing her pattern of trying to severely limit [F]ather's role in his child's life;"[9] (3) Father "requested joint legal and joint physical, but with him having the majority of the physical contact;" (4) the trial court "found neither [parent's custody request] to be in the best interest of the child;" and (5) the trial court "ordered the preferred statutory parenting plan of joint legal and joint physical as there was no credible evidence that the parties could not jointly exercise custody as [M]other [and Father] had compiled with all prior court orders."

These findings demonstrate the trial court did consider each of the categories of custody described in section 452.375.5,[10] found granting sole legal custody to Mother was not in Child's best interest, ordered the preferred statutory custody of joint legal and joint physical custody as there was no credible evidence Mother and Father could not jointly exercise custody as both had complied with all prior court orders, and

---

[9] Mother's custody request also provided Father "some time every other weekend but less than 20 hours every other weekend."

[10] The fact that the trial court did not expressly discuss the option of awarding Father sole legal custody did not prejudice Mother.

subsequently determined that custody arrangement was in the best interest of Child under section 452.375.2(2) and (4).

"A judgment granting sole legal custody must be based on a finding that the parties lack a commonality of beliefs concerning parental decisions, and lack the willingness and ability to function as a unit in making those decisions." *Moore*, 645 S.W.3d at 711. The trial court did not make any of the required findings to award sole legal custody, but rather found to the contrary that there was no credible evidence Mother and Father could not jointly exercise custody as both had complied with all prior court orders. Though, without evidence of the parents' present ability to make joint decisions in their child's best interest, expressions of intent for the future, or orders intended to force future cooperation, may be insufficient to support an award of joint legal custody, *Reno*, 489 S.W.3d at 905, evidence of a parent's past conduct in complying with court orders is probative of the parent's present ability to share decision-making responsibilities relating to the best interest of their child.

The trial court did not erroneously declare or misapply section 452.375.5, and we deny Mother's second point.[11]

*Point III – Mother's Claim that the Trial Court "Misapplied" Section 452.375.2, 4, 6, and 9 By Failing to Make Required Findings and Include a Written Parenting Plan in the Judgment Is Not Preserved for Our Review Under Rule 78.07(c)*

In her third point, Mother claims the trial court "misapplied" section 452.375.2, 4, 6, and 9 by failing to make required findings and to include a written parenting plan in

---

[11] Mother did not assert in this point that the trial court's findings under section 452.375.5 were not supported by substantial evidence or against the weight of the evidence.

the Judgment. We deny this claim because the claim relates to the form or language of the Judgment, and is not preserved for our review under Rule 78.07(c).

Rule 75.01 provides in relevant part: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 78.04 provides in relevant part: "Any motion . . . to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment."[12] Rule 78.07(c) in turn provides: "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 81.05(a) provides in relevant part:

> For the purpose of ascertaining the time within which an appeal may be taken:
>
> (1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.
>
> (2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:
>
> (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
>
> (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

Under Rules 75.01 and 81.05, "[o]nce the thirty[-]day period in Rule 75.01 expires, a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed, authorized after-trial motion." *Coats*, 619 S.W.3d at 549 (quotations and citation omitted).

---

[12] Under Rule 44.01(b), the court may not extend the time for taking action under Rule 78.04.

Mother's counsel acknowledged in oral argument that a motion to amend the Judgment was due on Monday, March 29, 2021,[13] and that counsel's motion to amend the Judgment was not filed until March 30, 2021, albeit shortly after midnight on March 29. As a result, Mother's motion to amend was untimely. Mother's third point is denied because it is not preserved for our review under Rule 78.07(c).

*Point IV – Mother Fails to Demonstrate the Trial Court's Best-Interest Findings Under Section 452.375.2(2) and (4) Are Not Supported by Substantial Evidence*

In her fourth point, Mother asserts the trial court's best-interest findings under section 452.375.2(2) and (4) are not supported by substantial evidence. Though stating the appropriate standard of review under ***Houston v. Crider***, Mother's argument under this point ignores the trial court's credibility determinations, and focuses almost entirely on evidence and inferences contrary to the trial court's best-interest findings rather than deferring to the trial court's credibility determinations and identifying all favorable evidence and inferences in the record that support those findings. As a result, Mother's argument lacks any analytical or persuasive value. ***In the Interest of R.R.S.***, 573 S.W.3d 717, 729-30 (Mo. App. S.D. 2019).

As we have explained before:

An appellant's mere assertion of a substantial evidence challenge to a factual proposition does not satisfy the appellant's burden to demonstrate that the trial court's judgment is incorrect or in any manner shift the burden to a respondent or an appellate court to demonstrate that the challenged factual proposition is so supported and the judgment is therefore correct. In some instances, in response to such challenges and rather than focusing entirely on the appellant's purported demonstration that the judgment is incorrect based upon that challenge, an appellate court has voluntarily assumed appellant's duty of ferreting out all evidence and inferences in the record favorable to the challenged factual proposition, and then demonstrated that the challenged proposition is supported by the record and the trial court's judgment is correct, sometimes with lengthy or extended

---

[13] The Judgment was filed on February 25, 2021.

17

factual statements. *See, e.g.*, *[In the Interest of] J.P.B.*, 509 S.W.3d [84,] 92 [(Mo. banc 2017)]; *Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014); *J.A.R. [v. D.G.R.]*, 426 S.W.3d [624,] 630 [(Mo. banc 2014)]. While that approach is entirely appropriate and serves as a helpful teaching tool for litigants and their counsel, it is not required nor should be expected in response to every such challenge. To be clear, an appellant and his or her counsel should expect and anticipate that appellant's burden to demonstrate that the challenged proposition is not supported by substantial evidence and thereby the judgment is incorrect will fail if the appellant's purported not-supported-by-substantial-evidence demonstration omits material evidence or inferences favorable to the existence of the challenged factual proposition, *Houston*, 317 S.W.3d at 188, or includes and relies upon significant evidence or inferences contrary to the existence of that proposition, *id*. at 186.

*Id.* at 731.

Mother fails to demonstrate that the trial court's best-interest findings under section 452.375.2(2) and (4) are not supported by substantial evidence, and her fourth point is denied.

*Point V – Mother's Claim that the Trial Court "Misapplied Missouri Law Regarding Child Support," or that the Trial Court's "Rejection of Both Parties' Form 14 Presumed Child Support Amounts Was" Not Supported by Substantial Evidence Is Precluded by the Law of the Case*

Mother's fifth point alleging the trial court erred with respect to child support varies from a misapplied-the-law point to a not-supported-by-substantial-evidence point in her brief. Regardless of whether the true nature of Mother's fifth point is an allegation that the trial court misapplied the law or that its findings were not supported by substantial evidence, we are precluded by the law of the case from considering either alleged error. In Mother's first appeal, the only claim she raised with respect to child support was that the trial court's child support award was against the weight of the evidence. Further, as to child support, the Judgment involved the same issues and findings on the same evidentiary record, and was identical to the trial court's first

judgment. Mother's current allegation of error in the trial court's child support award was present before and could have been raised in Mother's first appeal, but was not. In these circumstances, we are precluded from considering Mother's current allegation of error by the law of the case.

The doctrine of the law of the case "involves relitigation of an issue within the same pending case," and:

> provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal. The doctrine governs successive adjudications involving the same issues and facts. Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not. . . . The doctrine insures uniformity of decisions, protects the parties' expectations, and promotes judicial economy.

*Walton v. City of Berkeley*, 223 S.W.3d 126, 128-29, 131 (Mo. banc 2007) (internal quotations and citations omitted). Unlike *res judicata*, the "law of the case by its nature does not" "require[] a final judgment." *Id.* at 129. The Supreme Court expanded upon a portion of the above-stated quotation explaining that "the law of the case bars relitigation of issues not only expressly raised and decided on appeal, but also those that could have been raised but were not. Thus, failure to raise points in an appeal means a later court need not consider them." *Id.* at 129, 130-31 & n.1 (internal citation omitted).[14]

---

[14] The doctrine of the law of the case is not "absolute" and "involves discretion." *Walton*, 223 S.W.3d at 130 (internal quotations and citations omitted). "An appellate court has discretion to refuse to apply the doctrine where the first decision was based on a mistaken fact or resulted in manifest injustice or where a change in the law intervened between the appeals." *Id.* "Additionally, where the issues or evidence on remand are substantially different from those vital to the first adjudication and judgment, the rule may not apply." *Id.* Mother does not assert that any of these exceptions to application of the law of the case apply in this appeal.

Because Mother could have raised her fifth point in her first appeal, but did not, we are precluded from considering her fifth point in this appeal. Mother's fifth point is denied.[15]

The trial court's Judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

GARY W. LYNCH, S.J. – CONCURS

---

[15] We also note that Mother's various statements of her fifth point and argument under her fifth point seem to indicate that the gravamen of Mother's fifth point is alleged error relating to the form or language of the Judgment. As with our denial of Mother's third point, this type of error was not preserved for our review under Rule 78.07(c) because Mother did not raise the error in a timely filed motion to amend the Judgment.